1  RICHARD T. WHITE # 58622
   DAVID C. LEE #193743
2  DAWN NEWTON #209002
   FITZGERALD, ABBOTT & BEARDSLEY LLP
3  1221 Broadway, 21st Floor
   Oakland, California 94612
4  Telephone: (510) 451-3300
   Facsimile: (510) 451-1527
5  Email: rwhite@fablaw.com; dlee@fablaw.com; dnewton@fablaw.com

6  Attorneys for Plaintiffs NFL Properties and the Oakland Raiders

7  BRUCE P. KELLER (NY STATE ATTORNEY REG. NO. 1669670)
   DEBEVOISE & PLIMPTON
8  919 Third Avenue
   New York, New York 10022
9  Telephone: (212) 909-6000
   Facsimile: (212) 909-6836
10 Email: bpkeller@debevoise.com

11 Of Counsel

*E-filing*

*ORIGINAL FILED DEC - 2 2011 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND*

*ADR*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFL PROPERTIES LLC and THE OAKLAND RAIDERS,<br><br>Plaintiffs,<br><br>against<br><br>NATION'S FOODSERVICE, INC., d/b/a Nation's Giant Hamburgers,<br><br>Defendant | Case No. C11-05818 NC<br>COMPLAINT FOR:<br>1. Trademark Infringement Under 35 U.S.C. § 1114<br>2. False Representations Under 15 U.S.C. § 1125(a)<br>3. Trademark Dilution Under 15 U.S.C. § 1125(c)<br>4. Trademark Dilution Under Cal. Bus. & Prof. Code § 14247<br>5. Unfair Competition Under Cal. Bus. & Prof. Code § 17200, et seq.<br>6. Unfair Business Practices Under Cal. Bus. & Prof. Code § 17000, et seq. |

**COMPLAINT SUBMITTED BY NFL PROPERTIES LLC AND OAKLAND RAIDERS INJUNCTIVE RELIEF SOUGHT**

Plaintiffs NFL Properties LLC ("NFL Properties") and The Oakland Raiders (the "Raiders"), by their attorneys, Debevoise & Plimpton and Fitzgerald Abbott & Beardsley LLP, for their Complaint against defendant Nation's Foodservice, Inc. ("Nation's"), allege as follows:

### Preliminary Statement

1. NFL Properties and the Raiders bring this action to stop Nation's from running an "ambush" advertisement that falsely depicts Nation's as enjoying some sort of official marketing relationship with the Raiders.

2. In an effort to capitalize on the enormous commercial benefits and goodwill that an authorized marketing relationship with an NFL Member Club brings, yet avoid paying for those rights, Nation's has leased billboard space adjacent to the Oracle Arena/O.CO Coliseum sports complex, where the Raiders play their home football games. The advertisement is easily visible to thousands of game day fans, as well as countless others who drive by the complex every day. Nation's has used that space to advertise its northern California-based restaurants with the slogan, "When Hunger Hits, RAID A NATION'S" (the "Raider Nation Ad").



3. That slogan is phonetically indistinguishable from, and an obvious reference to, the famous **RAIDER NATION®** mark (the "**RAIDER NATION®** Mark") that identifies the Raiders and their loyal fans. The Raider Nation Ad is likely to cause the public to be confused as to whether some form of sponsorship or other marketing relationship exists between Nation's, the Raiders and NFL football. It is a classic example of "ambush" marketing – – an unauthorized effort by a company to unlawfully capitalize on the goodwill, reputation and popularity of the Raiders and NFL football.

4. The Raiders and NFL Properties put Nation's on notice that its conduct violates trademarks rights and misleads the public. They requested Nation's to stop no later than November 26, 2011. Nation's has ignored those requests, requiring the filing of this action.

### The Parties

5. NFL Properties is a limited liability company duly organized and existing under the laws of the State of Delaware with a principal place of business at 345 Park Avenue, New York, New York 10154. NFL Properties is a wholly-owned subsidiary of NFL Ventures L.P. NFL Properties is responsible for commercially exploiting and protecting, on a joint basis, the trademarks of the NFL and its Member Clubs, and has the power and authority to enforce the trademark rights of the NFL and the Raiders.

6. The Raiders, a Member Club of the NFL, is a limited partnership duly organized and existing under the laws of the State of California with its principal office located at 1220 Harbor Bay Parkway Alameda California 94502. The Raiders own, among other famous trademarks, the **RAIDER NATION®** Mark.

7. Upon information and belief, Nation's is a California corporation, with its principal place of business at 11090 San Pablo Avenue, Suite 200, El Cerrito, California 94530-2365.

### Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over defendant pursuant to Cal. Civ. Proc. Code § 410.10 because Nation's maintains its principal place of business in California.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because defendant resides within this district and a substantial part of the events giving rise to the claims occurred in this district.

### The Famous RAIDER NATION® Mark and other NFL Marks

11. NFL professional football is enormously popular with sports fans, both during and after each NFL season. NFL Member Clubs are widely recognized, even among members

3.
COMPLAINT

of the general public who do not follow football. The names, logos, uniform designs and other indicia identifying the Raiders, including but not limited to the names **RAIDERS®** and **OAKLAND RAIDERS®**, the **RAIDERS®** Logo, the **RAIDERS®** uniform design and **RAIDER NATION®** (the "Raiders Marks"), are famous and distinctive.

12. The Raiders were founded as a member of the American Football League ("AFL") in 1960 and became a part of the NFL when it completed its merger with the AFL in 1970. The Raiders have won the NFL championship **SUPER BOWL®** game three times, in 1976, 1980 and 1983, and have made playoff appearances in twenty-one separate football seasons. Between 1982 and 1994, the entire Raiders organization and team relocated to, and played their games in Los Angeles, California. The Raiders returned to Oakland in 1995.

13. Substantial sums have been invested in advertising, promoting and marketing the Raiders Marks. Based on this extensive advertising, promotional and marketing effort, the Raiders Marks have powerful secondary meaning and fame among consumers, representing significant goodwill of great value.

14. Many of the Raiders Marks are incontestable under federal law, including but not limited to the names **RAIDERS®** (Reg. No. 731,309) and **OAKLAND RAIDERS®** (Reg. No. 1,919,846), the **RAIDERS®** Logo (Reg. Nos. 975,685 & 1,771,383), the **RAIDERS®** uniform design (Reg. Nos. 974,730, 1,228,996 & 1,228,997) and the name of the Raiders' cheerleaders, the **RAIDERETTES®** (Reg. No. 1,132,390) and the phrase **RAIDER NATION®** (Reg. No. 2,902,616 and 2,716,923.)

15. The Raiders also own various incontestable trademark registrations under California law for certain Raiders Marks, including but not limited to the name **RAIDERS®** (Reg. Nos. 3,387, 75,016 & 75,015) and the famous **RAIDERS®** Logo (Reg. Nos. 3,388 & 75,014), set forth below:



4.
COMPLAINT

16.     The phrase **RAIDER NATION®** is unique because it is a mark that directly refers not just to the Raiders organization, but also to its domestic and international fan base. Through attendance at NFL games, television and radio sports programming, sports pages of newspapers, magazines, on the Internet and in countless examples of unsolicited media coverage, as well as extensive promotion and sales of merchandise, the **RAIDER NATION®** Mark is instantly associated by the public with the Raiders organization and its fans. Examples of media coverage that refer to the **RAIDER NATION®** Mark include:

- Al Saracevic, "Spring's Near in Raider Nation," *San Francisco Chronicle*, Jan. 23, 2011.
- Bill Briggs, "Broncos Fans Hate Them . . . And They Love It In Raider Nation," *The Denver Post*, Dec. 22, 2005.
- Jim Herron Zamora, "In Search of Raider Nation," *San Francisco Chronicle*, Jan. 22, 2003 ("Is Raider Nation a place or a state of consciousness? 'For me it's both – Raider nation is right here,' said Thomas McCraw . . . .").
- Curt Sylvester, "Raider Nation Will Take Over Super Bowl; Silver-and-Black Fans Have Waited Long Time For Return to Title Game," *Detroit Free Press*, Jan. 21, 2003 ("Since the 41-24 victory over Tennessee in the AFC championship game Sunday, it's almost stylish to be part of the Raider Nation.").
- Kate Cullen, "Oh, The Pirate's Life For Me! Two Fearless Authors Embrace Raider Nation in 'Better to Reign in Hell,'" *San Diego Union-Tribune*, Aug. 28 2005 ("Stung by Oakland's 48-21 loss to Tampa Bay, Miller and Kelly Mayhew spent the next football season immersed in the cult known (and officially trademarked) as 'Raider Nation'").

As a matter of black letter law, all of these references inure to the benefit of the Raiders and serve to strengthen the Raiders Marks.

17.     A significant business exists in the commercial licensing of marketing, or sponsorship opportunities with the NFL or NFL Member Clubs, including the Raiders. Multiple corporations pay substantial amounts for the right to call themselves an official sponsor or

1 licensee of the NFL and its Member Clubs. Given the enormous popularity of NFL football
2 generally and the Raiders specifically, the grant of rights to be marketed as a sponsor is a highly
3 coveted and valuable commercial asset precisely because it conveys the message of
4 endorsement of the Raiders and the NFL.

**Nation's Unlawful Conduct**

6  18.  Nation's is a chain of restaurants based in the Bay Area. It is particularly
7 familiar with the popularity and meaning of the **RAIDER NATION**® Mark. In or about
8 November 2011, Nation's placed an advertisement on a billboard adjacent to the Oracle
9 Arena/O.CO Coliseum sports complex, where the Raiders play their home games.

10  19.  Nation's has used that space to advertise its restaurants. The Raider Nation Ad,
11 depicted below, infringes valuable trademark rights owned by the Raiders in the **RAIDER**
12 **NATION**® Mark and otherwise is actionable as false advertising.



25  20.  The Raider Nation Ad falsely communicates to the consuming public that
26 Nation's is authorized to market its fast food services using Raider Marks because, among other
27 things:
28  a.  "RAID A NATION'S" is virtually identical in phonetic similarity to

6.
COMPLAINT

12/2/11 (27986) #438121.1

"Raider Nation";

  b. The Raider Nation Ad, displayed adjacent to Oracle Arena/O.CO Coliseum sports complex, uses the Raiders' distinctive silver and black color scheme, in font similar to other marketing materials used by the Raiders; and

  c. The Raider Nation Ad sits directly atop a digital billboard that often displays authorized advertisements placed by the Raiders for official, Raiders-related events, including home football games.

 

21. Perhaps the most telling indication of an ambush is that Nation's dramatically altered one of its own federally-registered trademarks for this particular ad. Nation's generally uses a cartoonlike, Giant Hamburger logo to advertise its fast food, depicted below:



22. In the Raid A Nation Ad, however, that hamburger wears an eye patch, just like the famous Raiders "pirate" logo depicted in paragraph 15, *supra*.



23. The unmistakable, overall message is that Nation's and the Raiders have a marketing or sponsorship relationship of some kind when, in fact, the opposite is true. In short, Nation's is trying to appropriate the benefits of a marketing relationship with the Raiders by engaging in trademark infringement, false advertising and ambush marketing, rather than by negotiating for the right to actually enjoy one.

24. Despite their best efforts to resolve this dispute amicably, Plaintiffs now believe that Nation's course of conduct is such that only the Court's intervention can protect the goodwill and intellectual property of the Raiders and the NFL.

### FIRST CLAIM FOR RELIEF

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114)

25. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

26. Nation's actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers as to the source, origin or sponsorship of their goods and services.

27. The unauthorized use of the **RAIDER NATION®** Mark constitutes trademark infringement, with consequent damages to Plaintiffs and the substantial business and goodwill

8.
COMPLAINT

1 symbolized by all Raiders Marks and other NFL Marks in violation of Section 32 of the Lanham
2 Act, 15 U.S.C. § 1114.

3     28. Nation's actions described above, including the unauthorized use of the
4 **RAIDER NATION®** Mark in interstate commerce, have caused, and unless restrained will
5 continue to cause, great and irreparable injury to Plaintiffs, the **RAIDER NATION®** Mark, and
6 to the business and goodwill represented thereby, leaving the NFL Properties and the Oakland
7 Raiders with no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(False Representations Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

11     29. Plaintiffs repeat and reallege each and every allegation in the foregoing
12 paragraphs as if fully set forth herein.

13     30. Nation's actions including, but not limited to, their unauthorized use of the
14 **RAIDER NATION®** Mark in commerce, constitute a false designation of origin, false and
15 misleading descriptions of fact and false and misleading representations of fact, which have
16 caused, and are likely to cause, confusion, mistake and deception, in violation of Section 43(a)
17 of the Lanham Act, 15 U.S.C. § 1125(a).

18     31. Nation's actions, including their unauthorized, false and misleading use in
19 commerce of the **RAIDER NATION®** Mark have caused and unless restrained, will continue to
20 cause, great and irreparable injury to NFL Properties, the Raiders and to the business and
21 goodwill represented by the **RAIDER NATION®** Mark in an amount that cannot presently be
22 ascertained, leaving NFL Properties and the Raiders with no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

(Trademark Dilution Under the Federal Trademark
Dilution Act, 15 U.S.C. § 1125(c))

26     32. Plaintiffs repeat and reallege each and every allegation in the foregoing
27 paragraphs as if fully set forth herein.

28

33. The federally-registered and incontestable **RAIDER NATION®** Mark is an extremely famous and distinctive trademark used in interstate commerce in the United States and widely recognized by the general consuming public. Among other things: (a) it has been used for decades throughout the United States to promote a wide variety of goods and services offered by the Raiders or third parties; (b) NFL Properties, the Raiders and their authorized licensees have advertised and sold tens of millions of dollars of goods and services using the **RAIDER NATION®** Mark throughout the United States; (c) the **RAIDER NATION®** Mark is among the preeminent marks in professional sports and entertainment, with an extremely high degree of recognition among consumers.

34. Nation's willful conduct, as described above, is likely to cause dilution by blurring of, and does, in fact, dilute and detract from the distinctiveness of, the famous **RAIDER NATION®** Mark. The phrase "Raid A Nation's" is virtually identical to the widely recognized **RAIDER NATION®** Mark, the **RAIDER NATION®** Mark is highly distinctive, there are no trademarks similar to the **RAIDER NATION®** Mark in use to any extent by third parties except as licensed by NFL Properties and the Raiders and the Raid A Nation's Ad evinces an intent to create an association with the **RAIDER NATION®** Mark, the Raiders and the NFL.

35. Nation's conduct described above is likely to dilute and detract from the distinctiveness of the **RAIDER NATION®** Mark with consequent damage to NFL Properties and the Raiders, and to the substantial business and goodwill symbolized by the **RAIDER NATION®** Mark in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

36. Nation's acts of trademark dilution have caused and unless restrained, will continue to cause, great and irreparable injury to NFL Properties and the Raiders, and to the **RAIDER NATION®** Mark and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving NFL Properties and the Raiders with no adequate remedy at law.

37. Nation's conduct has been undertaken with a willful intent to trade on the Raiders and the NFL's reputation and to cause dilution of the **RAIDER NATION®** Mark and

this conduct entitles NFL Properties and the Raiders to damages and the other remedies available pursuant to 15 U.S.C. § 1125(c)(2).

### FOURTH CLAIM FOR RELIEF

(Trademark Dilution Under California Law)

38. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

39. Nation's acts as described above dilute and detract from the distinctiveness of the famous **RAIDER NATION®** Mark, resulting in damage to the Raiders and NFL Properties and the substantial business and goodwill symbolized by the **RAIDER NATION®** Mark in violation of California's Anti-Dilution Statute, Cal. Bus. & Prof. Code § 14247.

### FIFTH CLAIM FOR RELIEF

(Unfair Competition Under California Law)

40. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

41. Nation's acts as described above violate California's unfair competition statutes, Cal. Bus. & Prof. Code § 17200, *et seq.*

### SIXTH CLAIM FOR RELIEF

(Unfair Business Practices Under California Law)

42. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

43. Nation's acts as described above violate California's unfair business practices statutes, Cal. Bus. & Prof. Code § 17000, *et seq.*

WHEREFORE, NFL Properties and the Raiders respectfully request that this Court:

    1. Permanently enjoin Nation's, its representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

        (a) making commercial use of the phrase "Raid A Nation's" including but not limited to signage and advertising (including but not limited to

on any billboard in proximity to the Oracle Arena/O.CO Coliseum sports complex; and

(b) making any commercial use of the **RAIDER NATION**® Mark and

(c) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Nation's products or promotions are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

2. Direct Nation's to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Nation's has complied with any injunction which the Court may enter in this action;

3. Award Plaintiffs the damages they have suffered, including multiple damages for the willful violations of Plaintiff's rights, and their reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Nation's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and Cal. Bus. & Prof. Code § 17082; and

4. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: December 2, 2011

Respectfully submitted,

*/s/ Richard T. White*
Richard T. White
Attorneys for Plaintiffs

Of Counsel:

Bruce P. Keller
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

12.
COMPLAINT

12/2/11 (27986) #438121.1